UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES FONTANO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3042 |
| | ) | |
| S.A. GODINEZ, et al., | ) | |
|     Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff pursues claims arising from his alleged sexual and physical assault by another inmate in Logan Correctional Center. Before the Court are Plaintiff's renewed motion to compel against Defendants and Plaintiff's motion to compel the IDOC to produce subpoenaed documents.

Rule of Civil Procedure 26(b)(1) provides in pertinent part:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.   Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence."

"The scope of relevance is broad."   Dauska v. Green Bay

Packaging, Inc., --- F.R.D. ---, 2103 WL 2088216 * 5 (E.D. Wis. 2013)(*quoting in support* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350–51 (1978) (relevance "'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter [sic] that could bear on, any issue that is or may be in the case'"); NDK Crystal, Inc. v. Nipponkoa Ins. Co., Ltd., 2011 WL 43093 n. 3 (N.D. Ill. 2011)(unpublished)(Rule 26(b)(1)'s revision in 2000 still encompasses a "liberal discovery standard."). "District courts have broad discretion in discovery matters." James v. Hyatt Regency Chicago, 707 F.3d 775, 784 (7th Cir. 2013).

**I. Information regarding the reason for Plaintiff's transfer from the Pittsfield work camp to Logan Correctional Center is relevant to Plaintiff's claims and is discoverable.**

Plaintiff started his incarceration in Pittsfield work camp, a minimum security facility, but Plaintiff was later transferred to Logan Correctional Center, a medium security prison, purportedly as a result of a "physical roughhousing" incident at Pittsfield. Plaintiff seeks "information pertaining to the roughhousing incident that resulted in Plaintiff's transfer from Pittsfield work camp to Logan Correctional Center." (Pl.'s Mot. Compel at 4). The information

requested includes documents revealing the basis for Plaintiff's transfer and documents revealing what happened to the other inmates involved in the incident.

The IDOC Defendants object on grounds of relevance, pointing out that Plaintiff's Complaint focuses on the failure of Defendants to properly screen Plaintiff for cellmate placement at Logan, not on the transfer of Plaintiff from Pittsfield to Logan.  Plaintiff counters that his claim for deliberate indifference encompasses not only the rooming decision but also the transfer decision.  According to Plaintiff, discovery has revealed that Plaintiff's minimum security designation was "manually overridden" to allow Plaintiff's transfer to Logan.  Plaintiff asserts that he needs to know all the facts regarding his transfer in order to determine whether to amend his claims.

The Court agrees that Plaintiff's failure to protect claim as framed by his Complaint is focused on the rooming decision at Logan, but the claim also alleges broadly that Defendants "disregarded the substantial risk that Plaintiff would be injured" at Logan.  (Compl. ¶ 47).  The risk of the injury allegedly began with Plaintiff's transfer to Logan.  Additionally, Defendants' classification procedures are part

of the failure to protect claim, which would include the override of Plaintiff's minimum security classification allowing Plaintiff's transfer to Logan.  Thus, the information sought is relevant to Plaintiff's failure to protect claim.

## II.    Past discipline of Logan inmates for prison sexual assault and Prison Rape Elimination Act compliance documents are relevant to Plaintiff's claims and are discoverable.

Plaintiff seeks information on discipline meted out to Logan inmates for sexual assault or misconduct from January 1, 2008, to August 5, 2011.  The IDOC Defendants object on grounds of relevance.  However, the Court agrees with Plaintiff that this information is relevant to the pervasiveness and severity of the risk of sexual assault in Logan, which is relevant to the deliberate indifference inquiry.

Plaintiff also seeks documents that IDOC must compile under the federal Prison Rape Elimination Act, 42 U.S.C. § 15601, et seq. (PREA), and documents relating to compliance with that Act, *see* 28 C.F.R. §115 et seq. (setting national standards under the Act).  Data must be collected for every allegation of sexual abuse, 28 C.F.R. § 115.87, and "aggregated sexual abuse data," with personal identifiers

redacted, must be made publicly available. Plaintiff seeks this information from both the IDOC Defendants and, through a subpoena, the IDOC.

As with the discipline of Logan inmates for sexual misconduct, the PREA information could be relevant to the pervasiveness of sexual assault at Logan, which could be relevant to the deliberate indifference inquiry.

The IDOC argues that the PREA information sought is confidential in order to protect inmates' privacy and encourage inmates to come forward to disclose sexual abuse by inmates. The Court agrees that inmates who have been sexually assaulted in prison have privacy interests in keeping that information confidential. *See* Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923 (7th Cir. 2004)(medical records of patients who received late-term abortions not discoverable because non-party patients' privacy interests outweighed marginal probative value). However, much of this information is already being produced regarding documentation of sexual assaults at Logan. A protective order is also in place which allows documents to be marked "confidential" or

"for attorney's eyes only."

At this point the PREA information will be compelled, with the redaction of personal identifiers from the documents such as name and inmate number. If, after reviewing the information, Plaintiff believes that unredaction of the personal identifiers is necessary, Plaintiff may file a motion. At that point the Court will be presented with a more concrete dispute.

### III. Plaintiff's requests for information on all lawsuits filed after January 1, 2008 which allege an IDOC employee's deliberate indifference to an inmate's risk of sexual assault is overbroad, cumulative, and its relevance too speculative.

Plaintiff asks "for all lawsuits filed since January 1, 2008 that allege that any IDOC employee was deliberately indifferent to a risk that an IDOC inmate would be sexually assaulted by another IDOC inmate, please produce the complaint, all written discovery responses provided by any of the IDOC defendants in the action, and copies of the transcripts of depositions taken of any IDOC defendant in the action." (Pl.'s 2nd Req. Prod. Docs. at 16). Plaintiff also asks for the name, case number, and the court presiding over each case. The IDOC Defendants object to these requests as irrelevant, too

broad, and too burdensome.

Deposition transcripts and discovery responses in *all* inmate sexual assault cases arising in Illinois prisons for the last 4 ½ years is simple too far afield from Plaintiff's claims in this case from a relevance perspective to justify the burden.   Pursuant to this order, Plaintiff will receive the IDOC's documents relating to the Prison Rape Elimination Act, which should show the incidence of sexual assault across IDOC prisons.   Plaintiff will also receive documents on sexual assaults at Logan and disciplines of Logan inmates for sexual assault.   All this information will give a picture of the pervasiveness of sexual assault in IDOC prisons.   If the sexual assaults at Logan resulted in litigation, Plaintiff may attempt to obtain the discovery materials in those cases, at which point the Court will be able to determine if production is appropriate.

**IT IS THEREFORE ORDERED:**

1)   Plaintiff's renewed motion to compel is granted (d/e 44) as provided in paragraph (3) below, **except for** Plaintiff's requests regarding all lawsuits filed against IDOC employees since January 1, 2008 alleging deliberate indifference to an inmate's risk of being

sexually assaulted (Pl.'s 2nd Req. Prod. Doc. # 16; Pl.'s 3rd Interr. # 5).

2) Plaintiff's motion to compel third party production against the IDOC is granted (d/e 52), **except for** the medical records of inmate Saylor.  The Court agrees that inmate Saylor's privacy interest in his medical records should be considered before ordering the production of the records.  Plaintiff may renew his motion to compel Saylor's medical records after reviewing the investigation materials regarding Saylor's allegations of sexual assault.  The remaining information will be produced by IDOC as provided in paragraph (3) below.

3) By August 12, 2013, Defendants and/or the IDOC are directed to provide to Plaintiff:

   a) Information which the IDOC Defendants or the IDOC have already agreed to provide, including but not limited to information about:  Logan inmates' sexual assault allegations for the past five years; inmate Kemp's master file; documents relating to inmate Saylor's allegations of sexual assault; employee time sheets, records, and logs; polygraph procedures; training documents; and, security overrides.

b) Information relating to Plaintiff's and other inmates' transfers from Pittsfield Work Camp to Logan Correctional Center sought in Plaintiff's second request for production numbered 1-4 and third set of interrogatories numbered 1 and 2.

c) Information relating to inmate discipline for sexual assault or misconduct sought in Plaintiff's second request for production of documents numbered 17.

d) Information relating to the Prison Rape Elimination Act sought in Plaintiff's second request for production of documents numbered 18.

4) A status conference is set for September 17, 2013, at 3:30 p.m. by telephone to discuss rescheduling the fact discovery and dispositive motion deadlines.

ENTERED: July 12, 2013

FOR THE COURT:

                               **s/Sue E. Myerscough**
                               SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE